n/a

n/a

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED SEP 2 0 2013 Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

MONROE COLEMAN, )
)
          Petitioner, )
)
v. )   Civil Action No. 13-1434 UNA
)
E. D. WILSON, )
)
          Respondent. )

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus. The Court will grant the application and dismiss the petition.

In 1986, petitioner was sentenced by the Superior Court of the District of Columbia to a term of twelve to thirty-six years' imprisonment. *See* Pet. at 2; *see also Coleman v. United States*, 628 A.2d 1005, 1005 (D.D.C. 1993). Petitioner has deemed the sentence illegal, *See* Pet. at 5, and his efforts to vacate the sentence have been unsuccessful, *see id.* at 2-4.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the

legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a).").

Petitioner's lack of success in his previous attempt to collaterally attack his conviction and sentence does not render his local remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995). This matter is not one over which this Court may exercise jurisdiction, and, accordingly, the petition for a writ of habeas corpus will be dismissed. An Order accompanies this Memorandum Opinion.

/s/
United States District Judge

DATE: 8/21/13